JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | Date | August 27, 2012 |
|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | None |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

      The Court is in receipt of the Motion to Remand filed by plaintiff Nga Do ("Plaintiff"). (Docket No. 13.) The Court is also in receipt of the Motion to Dismiss First Amended Complaint (Docket No. 16) and the Motion to Strike Portions of Plaintiff's First Amended Complaint (Docket No. 18) filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as well as the Motion to Dismiss First Amended Complaint (Docket No. 21) and the Motion to Strike Portions of Plaintiff's First Amended Complaint (Docket No. 22) filed by defendant LPS Agency Sales & Posting, Inc. ("LPS"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for August 27, 2012 and September 10, 2012 are vacated, and the matters taken off calendar.

### I. Background

      In April 2005, Plaintiff obtained a $409,000 mortgage loan for a property located in Los Angeles, California. Plaintiff eventually defaulted on that loan. The trustee recorded a notice of default on November 12, 2010, and recorded notices of sale on May 20, 2011 and on January 12, 2012. Plaintiff alleges that she attempted, but was unable, to get a loan modification. Plaintiff also alleges that Wells Fargo rescinded the notice of default on November 15, 2010. However, Wells Fargo contends that the notice of rescission states that it rescinds an earlier notice of default dated July 28, 2009, not the operative November 2010 notice of default. On March 15, 2012, the trustee conducted a foreclosure sale, at which Wells Fargo was the highest bidder.

      On June 1, 2012, Plaintiff filed a Complaint in the Los Angeles Superior Court against Wells Fargo asserting the following state law claims: (1) wrongful foreclosure; (2) actual fraud; (3) negligent misrepresentation; (4) constructive fraud; (5) promissory estoppel; (6) unfair competition; (7) negligence per se; and (8) cancellation of written instruments. Wells Fargo removed this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

      Plaintiff then timely filed a First Amended Complaint ("FAC") as a matter of right. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | | Date | August 27, 2012 |
|---|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | | |

service of a motion under Rule 12(b). . . ."). The FAC is virtually identical to the original Complaint, except that it substitutes a previously named Doe Defendant with defendant LPS, a California corporation. Plaintiff then moved to remand the action, based on the lack of complete diversity, because LPS and Plaintiff are each citizens of California. Wells Fargo opposes the Motion contending that LPS has been fraudulently joined for the sole purpose of defeating diversity.

In addition, defendants Wells Fargo and LPS (collectively, "Defendants") each move to dismiss the FAC in its entirety under Rule 12(b)(6) for failure to state a claim, and move to strike portions of the FAC.[1] Plaintiff has not filed an Opposition to any of Defendants' motions.

## II.     Standard for Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are

---

[1]     The Motions to Strike seek to strike the portions of the FAC (1) alleging that Defendants' conduct was willful, malicious, and done with the conscious disregard to Plaintiff's rights; (2) seeking exemplary and punitive damages, and (3) claiming any damages under California Business and Professions Code sections 17200, et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | | Date | August 27, 2012 |
|---|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | | |

taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. Plaintiff's Motion to Remand and LPS's Motion to Dismiss

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. The party asserting diversity jurisdiction bears the burden of proof. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). To establish citizenship for a natural person, he or she must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Finally, the citizenship of a national banking association is determined by the state in which the association is "located." See 28 U.S.C. § 1348. Moreover, a national bank is "located" in the state where it maintains its main office as provided in its articles of incorporation. See Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 997 (9th Cir. 2007).

Here, Plaintiff contends that this action should be remanded because there is no complete diversity now that LPS is a defendant in the case. Although LPS's presence in this case destroys complete diversity, Wells Fargo insists that the Court disregard LPS's citizenship, arguing that it was fraudulently joined for the sole purpose of defeating diversity.

If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | | Date | August 27, 2012 |
|---|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | | |

Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[I]t does not have to be shown that the joinder was for the purpose of preventing removal. Rather the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question." Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." Id. (quoting Archuleta v. Am. Airlines, Inc., 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)). Where a defendant seeking removal makes claims of fraudulent joinder, a district court may examine evidence beyond the complaint. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)).

The only reference to LPS in the entire FAC is found in the general allegations regarding the parties' citizenship for purposes of establishing the Court's jurisdiction. (See FAC ¶ 4.) Here, LPS was merely the company hired to host and conduct the actual sale. LPS is not the beneficiary, or even the trustee. LPS did not have — nor is it alleged to have had — any involvement in any of the wrongful conduct alleged in this case. Furthermore, "[i]t is well established that, unless an agent or employee acts as a dual agent . . . [it] cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) (citing McCabe, 811 F.2d at 1339). Thus, even assuming that all the alleged facts in the FAC are true, Plaintiff still fails to state a "legally cognizable right of action" against LPS.

Because Plaintiff cannot state a viable claim against LPS, the Court finds that LPS has been fraudulently joined, and denies Plaintiff's Motion to Remand. For the same reasons that the Court finds that LPS was fraudulently joined, the Court grants LPS's Motion to Dismiss, and dismisses Plaintiff's claims against LPS with prejudice

**IV.** **Wells Fargo's Motion to Dismiss**

Wells Fargo contends that all of Plaintiff's claims should be dismissed because (1) they are preempted by the Home Owners' Loan Act; (2) Plaintiff lacks standing and is estopped to assert the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | Date | August 27, 2012 |
|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | |

claims; (3) the FAC fails to allege a factual or legal basis for the claims; (4) the claims are not pleaded with adequacy or particularity; and (5) Plaintiff lacks standing to assert the claims due to Plaintiff's pending bankruptcy petition. In addition, Wells Fargo contends that Plaintiff's first (actual fraud), sixth (unfair competition), and eighth (cancellation of written instruments) causes of action should be dismissed because Plaintiff has not tendered her outstanding debt.

Plaintiff has not filed an Opposition to Wells Fargo's Motion to Dismiss. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Furthermore, the Court finds that Wells Fargo's Motion to Dismiss should be granted based on the merits.

As the Ninth Circuit has ruled, the Home Owners' Loan Act ("HOLA") gives "the Office of Thrift Supervision ('OTS') broad authority to issue regulations governing thrifts." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008) (citing 12 U.S.C. § 1464). "As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." Id. Through its regulations implementing HOLA:

> OTS hereby occupies the entire filed of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .

12 C.F.R. § 560.2(a); see also Silvas, 514 F.3d at 1005. Section 560.2(b) lists specific state laws that are preempted. Included among the state laws preempted by the OTS regulations are state laws purporting to impose requirements regarding:

> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;

. . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | | Date | August 27, 2012 |
|---|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | | |

      (9)      Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;

      (10)    Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . .

12 C.F.R. § 560.2(b). "In addition to the mandate in § 560.2(a) and (b), OTS has outlined a proper analysis in evaluating whether a state law is preempted under the regulation." Silvas, 514 F.3d at 1005. According to the OTS regulations: "When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted." Id.

      The FAC alleges that Wells Fargo rescinded the notice of default and did not send a certified letter as required by Civil Code § 2923.5(g)(3), thereby rendering the subsequent foreclosure void. However, HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to "the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan," while 12 C.F.R. § 560.2(b)(10) encompasses claims based on a loan's "processing [or] servicing," such as a bank's actions in preparing a foreclosure. Next, the FAC alleges that someone at Wells Fargo agreed to modify Plaintiff's loan (although the FAC's fact section alleges only that Wells Fargo repeatedly denied or delayed considering Plaintiff's loan modification requests.) HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to "adjustments to the interest rate, balance, payments due, or term to maturity of the loan" (i.e., loan modifications). Moreover, HOLA regulation 12 C.F.R. § 560.2(b)(10) covers claims based on a loan's "processing [or] servicing," which would include a bank's consideration of a request for a loan modification. Finally, the FAC alleges that someone at Wells Fargo told Plaintiff that the foreclosure sale had been postponed. However, HOLA regulation 12 C.F.R. §§ 560.2(b)(4) covers the "terms of credit, including . . . . the circumstances under which a loan may be called due and payable upon the passage of time" (i.e., foreclosure), and 12 C.F.R. §§ 560.2(b)(10) covers the "processing [or] servicing" of the loan, such as queries regarding foreclosure.

      Like the other courts that have addressed the issue, this Court concludes that Plaintiff's state law claims are preempted by HOLA. See Silvas, 514 F.3d at 1006 (finding that a claim brought pursuant to California Business and Professions Code section 17200 for misrepresenting consumers' legal rights and making misstatements in advertising was preempted); see also Ayala v. World Savings Bank, FSB, 616 F. Supp. 2d 1007, 1016 (C.D. Cal. 2009) (dismissing fraud claim as preempted by § 560.2); Stefan v. Wachovia, World Savings, 2009 WL 4730904, at *3 (N.D. Cal. December 7, 2009) ("Plaintiff's claims

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5645 PA (AGRx) | Date | August 27, 2012 |
|---|---|---|---|
| Title | Nga Do v. Wells Fargo Bank, N.A., et al. | | |

of misconduct surrounding the foreclosure proceedings clearly fall under the preemption provisions for 'processing, origination, sale or purchase of . . . mortgages' and 'disclosure.'") (alteration in original); Curcio v. Wachovia Mortg. Corp., 2009 WL 3320499, at *6 (S.D. Cal. Oct. 14, 2009) (finding claims based on bank's alleged refusal to modify plaintiff's loan preempted because "each state cause of action is premised upon allegations regarding Defendant's lending obligations, including: terms of credit, 12 C.F.R. § 560.2(b)(4); disclosure, Id. § 560.2(b)(9); and processing, origination, and servicing of mortgages, Id. § 560.2(b)(10)," and that such "activities are matters committed by Congress to regulation by a federal agency."). The Court therefore dismisses Plaintiff's claims with prejudice.

## Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Remand, grants Defendants' Motions to Dismiss with prejudice, and denies Defendants' Motions to Strike as moot.

IT IS SO ORDERED.